DETERMINED · IN

# THE SUPREME COURT

OF THE

# TERRITORY OF NEW MEXICO.

## JANUARY TERM, 1867.

### JOHN DOLD v. ANDRES DOLD.

CONTINUANCES BECAUSE OF ABSENCE OF TESTIMONY, PRACTICE AS TO.—The established practice in the courts of this territory where a continuance is asked on the ground of the absence of witnesses, is, that the affidavit must set forth what is expected to be proved by such witnesses, and the court then determines as to the competency, materiality, and relevancy of the testimony, and refuses or grants the continuance accordingly.

IDEM—OMISSION TO SHOW EVIDENCE MATERIAL.—Where an affidavit for a continuance on such a ground omits to state a fact necessary to make the testimony of the absent witness relevant and material, the presumption is, that the fact was not so, and the continuance will be denied; as where the affidavit states that the affiant expects to prove by the witness that he received from the affiant a certain sum of money "for and on account of" the adverse party, which is claimed to have been a payment, without showing any agency or privity between the witness and the adverse party.

APPEAL from the district court for San Miguel county. The opinion states the case.

*R. H. Tompkins*, for the plaintiff and appellee.

*M. Ashurst*, for the defendant and appellant.

By Court, HUBBELL, J.:

This cause was brought to this court by appeal fr⬛ first judicial district court, for the county of San ⬛

Chief Justice Slough presiding. On the seventeenth day of February, A. D. 1866, the plaintiff filed his petition in assumpsit, to recover two thousand eight hundred and fifty dollars and forty-four cents, alleged to be due from defendant.

On the twenty-first day of March following, it being the seventh day of the March term of A. D. 1866, defendant filed his answer to plaintiff's petition, wherein is pleaded, first, the general issue, and, second, a plea of set-off, in which he avers that the plaintiff was indebted to him in the like sum of two thousand eight hundred and fifty dollars and forty-four cents, for so much money lent and advanced for the plaintiff, at his special instance and request. On the same day defendant also files his application for a continuance of the cause. The application was overruled by the court, to which ruling the defendant excepted.

Subsequently, at the same term, issue was joined and a trial had, which resulted in a judgment in favor of the plaintiff for two thousand eight hundred and fifty dollars, from which judgment the defendant appeals to this court, and prays that the same may be reversed and a new trial granted.

The plaintiff in error contends that the court below erred in overruling the application for continuance. Upon recurring to the record, it will be found that the application is drawn in the usual form and supported by the proper oath. The reason stated in the application, and upon which the continuance was sought to be obtained, is on account of the absence of a material witness, by whom the defendant in the court below avers that he expected to prove "the payment by said defendant to said witness, some time about the month of September, A. D. 1865, for and on account of said plaintiff, about the sum of two thousand eight hundred and fifty dollars, or the same amount specified in the petition of said plaintiff in this cause."

The defendant in error contends that the testimony above set forth is not material, and is insufficient to authorize a to grant a continuance. The statute provides that all ations for a continuance shall be supported by oath,

unless the facts be within the knowledge of the court, in which case it shall be so stated upon the record.   There is no other statutory provision upon the subject of continuances, and, although by the foregoing it is not expressly declared that continuances shall be granted in any case, yet, it is fair to presume that the legislature intended to confer upon the courts the power to grant continuances in certain cases, to the end that parties litigant, having a good and meritorious defense, should not be driven into trial without being allowed a reasonable time for preparation.   The only positive provision of the statute is, that no application for continuance shall be entertained by the court unless it be supported by oath.   Upon this point the court can not exercise a discretion.   It is an imperative command and must be obeyed.   But the legislature having failed to make any provision as to what shall be cause for continuance to be embodied in the application, it is reasonable to suppose that it was intended to leave the courts free to determine in each case the sufficiency of the cause as set forth in the application, keeping in view always the exercise of good conscience and a sound discretion.

The act above referred to was passed in A. D. 1851, and under it all the courts of the territory have universally ruled that, where a cause is sought to be continued upon the ground of the absence of a material witness, it is absolutely necessary to set forth in the application, among other things, what is expected to be proved by the absent witness.   The application being sufficient in all other respects, the court then determines whether the evidence expected to be obtained from the absent witness, as embodied in the application, would be relevant and material to the issue in the case at bar, or whether such evidence would be irrelevant, immaterial, insufficient, and not legally entitled to be considered by the jury, and inasmuch as the courts have steadily followed the above rule for the period of fifteen years, we think that it deserves to be regarded as the established rule of practice upon that point, and we so adjudge it to be.

It only remains for this court to determine whether the

evidence embodied in the application for continuance, in the case now being considered, was relevant to the issue or of sufficient importance, and so material as to require the court, under the rule of practice as above laid down, to delay the trial and grant a continuance. The evidence entirely fails to establish that the witness who is said to have received the money from Andres Dold, "for and on account" of John Dold, was an authorized agent of John Dold to receive the money in question, or that Andres Dold had ever been requested by John Dold to pay the money to the witness; nor does the evidence reveal any privity between the witness and John Dold. Unless such privity should have been established, the evidence was not legally entitled to consideration by the jury.

The presumption is, that where a party applies for a continuance he makes as strong a case as the facts will warrant, and the failure to set forth a privity as existing between John Dold and the witness in the application, fully authorized the court below to presume that no such privity existed.

For these reasons the court are of opinion that the application for continuance in this cause is insufficient, and was very properly overruled by the district court.

It is therefore unanimously ordered that the judgment of the district court be affirmed, with costs.