No. 30,196.

The Derby Oil Company, *Appellant,* v. J. M. Bell, E. Frank Jones and George E. Hedges, *Appellees.*

(7 P. 2d 39.)

Opinion filed January 30, 1932.

*Charles C. Yankey, John L. Gleason, Kenneth K. Cox, John G. Sears, Jr., Harvey C. Osborne* and *Morris H. Cundiff,* all of Wichita, for the appellant.

*Robert C. Foulston, George Siefkin, Sidney L. Foulston, Lester L. Morris, George B. Powers, Carl T. Smith* and *C. H. Morris,* all of Wichita, for the appellees.

The opinion of the court was delivered by

Smith, J.: This was an action to cancel an oil and gas lease. Judgment was for defendants. Plaintiff appeals.

The Eastborough Estates Company owned a tract of land im-

mediately east of Wichita. The plan had been to develop the tract into a high-class residential district. Lots in this tract were sold, some of them outright and some under a contract to convey when certain payments were made. While this development was going on oil was discovered under land adjacent to the tract in question. Following this the Eastborough Estates Company executed an oil and gas lease to the Derby Oil Company on all the land in the original tract which it owned at the time of the execution of the lease. This was termed a community lease and contained a provision that it was contemplated that other lands located in the tract under development might be included in the lease by the owners joining in it. It provided that owners and contract holders of other lands under development might have the right to join in it if they wished. The lease provided that the owners of land that came under the lease in that manner should share in the royalties from any well drilled in proportion to the land they brought under. Immediately after the execution of this lease the Eastborough Estates Company made an effort to have all lot owners and those holding contracts put their lots under the lease. In order to bring this about letters were written to each contract holder inclosing a form of instrument to be signed which would bring the particular piece of real estate for the purchase of which the signer held the contract under the community lease.

In August, 1929, the particular lot in question here had been sold under contract to J. M. Bell. He had made some payments and was given credit for about $900 for commissions which he had earned on the purchase price. At the time the events happened which brought on this lawsuit he still owed $3,291.14 on his contract. On June 25, 1930, he was in Texas and was several hundred dollars in arrears in his payments. On that day the Guarantee Title & Trust Company, which company was handling the collections for the lots, wired him that the time for redeeming his lot would soon expire, and requested him to make settlement. He came to Wichita and on either the 27th or 28th of June inquired about the particulars of the community lease. He had previously learned how much he owed and would have to pay on his contract before he would be entitled to a warranty deed. Subsequently the Eastborough Estates Company received through the mail an executed consent that his lot should come under the community lease. The precise time of the

execution of this consent is a disputed question of fact in this case and will be noticed later.

On July 2, 1930, Bell executed a contract with one Jones in which Bell agreed to give Jones an oil and gas lease on his lot in consideration of Jones paying to the Eastborough Estates Company the amount necessary to complete the payments on the lot. They appeared at the offices of the Guarantee Title & Trust Company, tendered this amount and demanded a deed. This company tendered a deed subject to the oil and gas lease to the Derby Oil Company that has been spoken of. Jones refused to accept a deed with this encumbrance. Sometime subsequent to this Jones accepted a lease from Bell and later assigned the lease to one Hedges. This assignment was recorded October 23, 1930. Hedges and Jones commenced the drilling of a well. This action was brought by the Derby Oil Company to cancel the lease from Bell to Jones and to enjoin Hedges and Jones from proceeding further with the drilling.

Trial was to the court. Findings of fact were made about as detailed here. Conclusions of law were made and judgment was entered for appellee refusing to cancel the lease and enjoin the further drilling of the well. From that judgment this appeal is taken.

Certain details were included in the court's findings, which will be noticed here. On July 1 Bell and Jones entered into a written contract to make a lease; on July 2 Bell, for a valuable consideration, executed and delivered to Jones an oil and gas lease on the lot in question. This lease was recorded in the office of the register of deeds that same day. On April 16, 1930, the original lease to the Derby Oil Company was executed, and on July 5 a supplemental lease between the same parties and covering the same real estate was executed. These leases were both recorded July 7, 1930. The consent of Bell that the lot in question should come under the community lease was not acknowledged, nor was it ever recorded.

At the trial of the case the Derby Oil Company requested a finding of fact that consent that the lot should come under the community lease was signed by Bell and delivered to it before Jones entered into any contract with Bell for the procuring of a lease on the lot in question. The court refused to make any such finding. On the motion for a new trial this matter was again brought to the attention of the court. Again it was refused.

The principal error urged by appellant is that the trial court erred in not making this finding of fact. From the record in this case we are unable to say that the court should have reached a conclusion which would have enabled it to make the finding of fact requested. This court has held many times that it would not interfere with a finding of fact reached by a trial court where there was evidence on both sides. (See *Weber Implement & A. Co. v. Dubach,* 132 Kan. 309, 295 Pac. 979, and cases cited.)

Appellant argues that since the lease from Bell to Jones was from a holder of the equitable title only, that Jones cannot avail himself of the fact that he was the innocent purchaser of the lease without notice of a prior lease. In support of this argument numerous cases are cited, which hold that where a purchaser buys an interest in property from one who holds an equitable title only he takes the property "with all its imperfections and equities, notwithstanding a valuable consideration may have been given, and there may have been no notice of the equity or defense against the title." (27 R. C. L. 688.)

We have reached the conclusion that this rule does not control in the case at bar for two reasons. One is that it depends for its potency upon the fact that the equity sought to be imposed was prior in point of time, while in this case the court refused to find that the lease claimed by the Derby Oil Company was prior in point of time to the lease from Bell to Jones, and the other reason is that both leaseholders in this case held leases from equitable owners. The cases cited announce the rule contended for when a purchaser of a merely equitable title is seeking to defeat a prior equity existing in favor of the person holding legal title to the land. Such is not the situation in the case at bar. The owner of the legal title to the real estate in question is not raising the point.

As we have seen, neither the community lease nor the consent that the real estate in question should come under it were recorded until after the recording of the lease from Bell to Jones. When Jones was about to enter into the contract for a lease with Bell he examined the records in the office of the register of deeds. This examination did not disclose that any person held any lease upon the real estate in question.

R. S. 67-223 provides as follows:

"No such instrument in writing shall be valid except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the register of deeds for record."

The words "such instrument" mean "Every instrument in writing that conveys real estate, or whereby any real estate may be affected." (R. S. 67-221.) It has been held that an oil and gas lease is such an instrument as comes within the terms of that statute. (Mills-Willingham Law of Oil and Gas, 236.) The consent to bring the lot in question under the community lease was not recorded at the time the lease from Bell to Jones was executed. The Bell-Jones lease was recorded prior to the recording of the community lease. Jones had no actual or constructive notice of facts which would lead a reasonably prudent man to inquire as to adverse claims.

We conclude that there are no reasons for holding that the consent to come under the community lease was prior in any respect to the lease from Bell to Jones. Appellant argues that Jones is not an innocent purchaser for value because he paid nothing for the lease from Bell to himself. The record shows, however, that Jones obligated himself to pay the balance due on the purchase price of the lot. No question is raised as to the manner in which this amount was tendered. We conclude that this was sufficient consideration. Appellant argues that Hedges could not have been an innocent purchaser for a valuable consideration without notice of the consent to come under the community lease. It is pointed out that the community lease and the supplemental lease were recorded before Hedges entered into his contract and lease with Jones. The findings of fact show, however, that the consent that the lot in question should come under the community lease never was recorded. An examination of the record in the office of the register of deeds would not have disclosed the existence of any lease that covered the particular lot. This point, therefore, is not good. At the hearing of the motion for a new trial appellant offered the evidence of a lawyer in Wichita, who drew the contract between Bell and Jones. This lawyer offered to testify to facts which would have tended to prove that Jones knew about the consent of Bell that the lot should come under the community lease before he entered into the contract with Bell. The court heard this testimony. At that time final judgment had not been entered. As far as the record shows, the court considered it and did not consider it of sufficient weight to require any new findings of fact. The court was not bound to believe the evidence, and was the sole judge of the weight to be given it.

The judgment of the trial court is affirmed.