No. 35,109

Burt Comer, *Appellee*, v. Barbara M. Davied, *Appellant*.

(111 P. 2d 1104)

Opinion filed April 12, 1941.

*Robert O. Karr* and *T. J. Karr,* both of Girard, for the appellant.
*Lawrence M. Walker,* of Pittsburg, for the appellee.

The opinion of the court was delivered by

Smith, J.: This was an action on a promissory note. Judgment was for the plaintiff. Defendant appeals.

The petition alleged that on or about May 26, 1933, defendant executed a promissory note payable to plaintiff in the amount of $1,000 due six months thereafter; that the note was past due and had not been paid. Judgment was asked for the amount of the note, with interest.

The answer of defendant admitted the execution of the note but denied that it was for a valuable consideration and that there was due plaintiff from the defendant any sum at all. The answer then alleged that the note was entirely without consideration, and set out the following circumstances under which the note was executed: Father Verdan died and his will was admitted to probate in Crawford county; that the defendant was made executrix of the will; that she employed the plaintiff to assist her as attorney for the executrix; that Father Verdan had been the owner of certain bonds of the Terrill Bond and Mortgage Company of the value of $21,000; that he had exchanged these bonds for stock in the company, that plaintiff had appraised the stock as worthless and as attorney for the defendant as executrix of the estate procured the return of these bonds which were worthless in exchange for the stock; that on May 26, 1933, she paid plaintiff $200 and executed the note sued on; that she did not realize that what was being done was for her as executrix of the will and not individuallly; that whatever she owed the plaintiff was as executrix, not as an individual; that when the estate was

closed plaintiff was allowed $250 for his services to the estate; that this $250 was more than adequate for all the services of plaintiff in handling the personal estate of Father Verdan.

For further defense, the answer alleged that defendant was seventy-three years old; had had no business experience; that plaintiff was a bright young lawyer and married to a niece of defendant and defendant reposed great confidence in plaintiff; that Father Verdan made defendant the principal beneficiary under his will; that the inventory of the estate prepared by plaintiff showed it to consist of real estate of the value of $7,550 and personal property of the value of $282.45; that Father Verdan held certain stocks of the Terrill Bond and Mortgage Company, which he had received for certain bonds in such company, of the face value of $21,000; that these stocks were worthless; that on the advice of plaintiff the defendant permitted plaintiff to procure the return of these bonds; that plaintiff did this by writing letters and without bringing any action; that these bonds were worthless and plaintiff knew, or should have known, they were of little value; that by reason of the relationship existing between plaintiff and defendant and defendant's lack of understanding of what was a reasonable charge for such work, she paid plaintiff $200 cash and gave him the note for $1,000 sued on in this action. An allegation was made as to a partition suit which had been brought by plaintiff for the benefit of defendant, but this allegation was stricken out on the motion of plaintiff. Later defendant amended her answer to allege that she was induced by a mutual friend to hire the plaintiff; that the only reason she employed plaintiff was because he had married her niece, by which plaintiff became a part of defendant's family; that she was unable to state when she discovered the bonds were worthless other than to state that she had trusted the matter to plaintiff, and that she did not know that the bonds were worthless at the time of the execution of the note sued on; that defendant was unable to state when plaintiff discovered that the bonds were of little value.

For reply, the plaintiff alleged that defendant had at all times admitted to the plaintiff that the note sued on in this action was a valid obligation; that she had promised at various times to pay it and that while plaintiff denied that there was any fraud in the inception of the note, if there had been fraud the defendant by her conduct and her promise to pay the note made after she had discovered the fraud had thereby waived it.

There are some facts about which there is very little dispute. The defendant in this action had been the housekeeper for Father Verdan, a priest in Crawford county, for about fifty years. He had extensive dealings with a corporation known as the Terrill Bond and Mortgage Company, an Illinois corporation. Up to a short time before he died he had owned $21,000 of the bonds of this company. The interest on these bonds had been paid regularly semi-annually, and defendant had also owned some bonds of the same company. A year or two before he died they had exchanged these bonds for stock in a new company of the same name, a proposed corporation. Defendant and Father Verdan had also traded some real estate owned by them in Illinois for stock. Just a few months before he died he and this defendant both made up their minds that they would rather have bonds than stock. Nothing was done about it, however, until after the death of Father Verdan. There is no dispute but that after the death of Father Verdan defendant as executrix of the estate of Father Verdan—of which she was the chief beneficiary—did employ plaintiff, who had married her niece, to be her lawyer and also to bring about the exchange of the stock held by her. The dispute in the case centers about the question of whether the employment as attorney for the executrix was a transaction separate from her employment of him personally, and whether he knew the bonds were of doubtful value at the time the note was signed. This will be discussed later in this opinion.

All parties admit that plaintiff secured the exchange of bonds for the stock and brought the bonds to defendant in person and delivered them to her. At that time the matter of compensation was brought up and plaintiff told defendant that he would charge five percent of the gross amount of the $22,000 worth of bonds, which would be $1,200. After some talk she gave him $200 and the note for $1,000, which is in controversy here.

The trial court made extensive findings of fact about as they have been detailed here. The court then found that the plaintiff never did hold out that he was a financial expert, but from time to time gave defendant advice with reference to the exchange of stock for bonds. The court also found that the plaintiff at all times treated and considered the recovery of the bonds as a transaction separate from the affairs of the estate, and that the plaintiff did not know of the value of the bonds when he recovered them for defendant, or when the note sued on was given; that the probate court of Craw-

ford county allowed Comer $250 as attorney's fees for his services in the handling of the estate, and that sum was paid him by the defendant and was the only attorney's fee allowed by the court, and that at the time of the allowance of this fee the probate judge had no knowledge of the $200 paid the plaintiff at the time the note was given. The court also found plaintiff was acting in good faith throughout the entire transaction. The court made the following conclusions of law:

"1. At the time the note in question was given, the parties entered into a valid contract for the payment of services theretofore rendered and completed.

"2. That the defendant was personally liable to compensate the plaintiff for the services so rendered.

"3. The defendant has failed to show facts sufficient to constitute want of consideration, failure or partial failure of consideration, or any other defense or defenses in this action.

"4. That the plaintiff should recover judgment against the defendant in the amount of $1,000 with interest thereon at the rate of six percent per annum from the 26th day of November, 1933, on the note sued on herein."

Judgment was entered in accordance with the above findings.

The defendant filed a motion for judgment on the findings and to set aside and add to certain findings.

Counsel for defendant filed a motion in which he set out certain statements which he alleged were made by the trial court while the court had the case under consideration. Based on the statements in this motion, one of the arguments for a new trial was that the court was influenced by and rendered judgment by reason of matters other than those pertaining to facts involved in the case. This motion was overruled.

The first argument of defendant is that the court erred in giving plaintiff judgment on the findings of fact. The theory of this argument is that there was no consideration for the note because plaintiff had been paid $800 already for his services and if defendant should be compelled to pay this note that would make an unconscionable fee. In the first place, the above is hardly a correct statement. The plaintiff did receive $800 from defendant, but $350 of that amount was for a partition suit he brought for defendant, reference to which was stricken from this case. The probate court allowed him $250 for his services and $200 was part of the fee fixed by the parties when the note here sued on was given. The fee charged was based on five percent of the face value of the bonds recovered. There was evidence from which the trial court was justified in finding that neither

plaintiff nor defendant knew that the bonds were not worth face value at that time. The parties had a discussion about what was done and the negotiations were carried on in the presence of a brother of defendant. All parties stated the opinion at that time that the contract pursuant to which the note was given was a fair one. If the bonds had turned out to be worth their face value there would have been no complaint about the note.

Defendant next argues that the bonds were recovered by plaintiff as attorney for the executor of the estate and that when the probate court found that his services were worth $250 that finding should have fixed the value of his services, and plaintiff was not entitled to any more. The trouble about that argument is that the court found the plaintiff treated the matter of the recovery of the bonds as a separate transaction from the affairs of the estate. There was evidence from which the trial court would have been justified in finding that both parties regarded the transaction with reference to the bonds as a separate transaction. Furthermore, the trial court found that the probate judge did not know about the work done by plaintiff with reference to the bonds at the time he fixed the fee of $250.

Defendant next argues that her motion for a new trial should have been sustained because the trial court gave judgment on facts extraneous to the record. Counsel does no more than mention this in the brief, but we presume that he refers to an affidavit he made as to statements made by the trial judge while the case was under advisement. We have examined this affidavit and the statement made by the trial judge with reference to it. It would add nothing to this opinion to set out those statements here. Suffice it to say that we see nothing in them to indicate that the court considered any fact that was not in the record.

Defendant argues next that the trial court erred in refusing to make the following findings:

"The bonds of The Terrill Bond and Mortgage Company were of no value at the time of the death of F. M. Verdan and have been of no value since that time.

. . . . . . . . . . . . . .

"That the plaintiff investigated the financial condition of The Terrill Bond and Mortgage Company before he filed the inventory in the estate of F. M. Verdan and should have discovered that said bonds were of no value.

"That the cash compensation the plaintiff has received was adequate for the services performed."

The argument is that the evidence compelled these findings. This argument is not good. There were circumstances which might have justified such findings. There were also circumstances which might have justified a finding the other way. It was the duty of the trial court to weigh these circumstances and to draw reasonable inferences from them. This court cannot consider these surrounding facts and circumstances and hold that the trial court should have reached a different conclusion. (See *Derby Oil Co. v. Bell*, 134 Kan. 489, 7 P. 2d 39.)

Defendant next argues that the trial court erred in making the following finding:

"That the plaintiff was acting in good faith throughout the entire transaction."

There were circumstances upon which the trial court could have made a finding either way on that question, but we cannot say the evidence compelled that such a finding be not made.

After all is said and done, the real complaint in this case seems to be that the defendant thought the bonds were worth their face value when she signed this note. Had they been worth that there would probably never have been any lawsuit here. It turned out that they were not worth their face value, but the record does not disclose that plaintiff knew any more about the value of the bonds when the note was given than the defendant knew. There is hardly a law point in the case.

The judgment of the trial court is affirmed.